O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1157 DOC (RNBx)					Date: December 5, 2012

Title: C.W. ET AL. V. CAPISTRANO UNIFIED SCHOOL DISTRICT

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present					None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES**

Before the Court is a Motion for Attorneys' Fees filed by Capistrano Unified School District ("District"). (Dkt. 49). After reviewing the moving papers and other filings the Court GRANTS District's Motion.[1]

**I.    Background**

Plaintiffs C.W. ("Student") and K.S. ("Mother") (collectively, "Plaintiffs" or "Mother") sued District under the Individual with Disabilities Education Act ("IDEA") to appeal an administrative decision ("Decision") issued by an Administrative Law Judge ("ALJ") that found in favor of District. Plaintiff also brought three other claims under the Americans with Disabilities Act, 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act.

The facts of this case are already well known to the parties after years of litigation and summarized by this Court in its August 3, 2012, Order ("Order") (Dkt. 46). Additional facts and procedural history regarding the due process hearing that Mother appealed and the multiple orders issued by this Court regarding Mother's three other claims are excellently summarized by District in its Motion and not disputed by Mother. *See* Am. Mot. (Dkt. 49) at 1-7. Given that the parties are intimately familiar with this

---

[1] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1157 DOC (RNBx)             Date: December 5, 2012
                                                                                  Page 2

case after extensive litigation and multiple orders issued by this Court, this Court does not recount the facts here.

In the August 3, 2012, Order, this Court affirmed the ALJ's Decision, denied Plaintiffs' appeal, denied all of Plaintiffs' requests for relief, and stated that the Court was willing to entertain a motion for attorneys' fees from District. Order (Dkt. 46) at 13.

## II.     Discussion

In the present Motion, District seeks $94,602.34 in attorneys' fees and $2,058.21 in costs incurred in litigating the due process hearing and defending itself on appeal, "money that might have been better spent improving educational opportunities for [plaintiff student] and other disabled students." *See Clyde K. v. Puyallup Sch. Dist., No. 3*, 35 F.3d 1396, 1402 n.10 (9th Cir. 1994) (lamenting the more than $100,000 in attorneys' fees incurred by school district due to litigious parents of disabled child); *Aguirre v. Los Angeles Unif. Sch. Dist.*, 461 F.3d 1114, 1120 (9th Cir. 2006) ("All children suffer when the schools' coffers are diminished on account of expensive, needless litigation.").

This Court first reviews the two prongs of the statute under which District moves. This Court then concludes that District is entitled to fees and costs under either prong. Finally, the Court concludes that District's fees and costs are reasonable.

### a.     Law regarding frivolous and improper purpose prongs

A school district that is a "prevailing party"[2] in an action or proceeding brought under 20 U.S.C. § 1415 may recover attorneys' fees either:

         (II)     . . . against the attorney of a parent who files a complaint
                     or subsequent cause of action that is frivolous,

---

[2] Mother does not dispute and this Court agrees that District is the prevailing party in the present action, having received a judgment in its favor both from the ALJ and this Court. *See P.N. v. Seattle Sch. Dist. No. 1*, 474 F.3d 1165 (9th Cir. 2007) (noting that one of the ways to obtain prevailing party status is through a judgment on the merits in the party's favor).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1157 DOC (RNBx)                  Date: December 5, 2012
                                                                                   Page 3

unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or

(III)    . . . against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the costs of litigation.

20 U.S.C. §§ 1415(i)(3)(B)(i)(II)-(III); 34 C.F.R. § 300.517(a).[3]

The purpose of a fee award under these Sections is to deter frivolous cases and unreasonably demanding or litigious parents and their attorneys. *See El Paso Independent Sch. Dist. v. Berry*, 2010 U.S. App. LEXIS 23153, *21 (5th Cir. 2010).

District seeks fees under the "frivolousness" prong, 20 U.S.C. § 1415(i)(3)(B)(i)(II), and "improper purpose" prong, *id.* at § 1415(i)(3)(B)(i)(III). *See* Am. Mot. (Dkt. 49) at 1. The Court addresses each prong in turn.

       **b.**      **Frivolous prong**

The Court first concludes that District is entitled to fees under the frivolousness prong because, among other things, Mother sought a remedy for a harm actually caused by Mother, the remedy sought was well beyond any measure of relief Student could

---

[3] Attorneys' fees that may be awarded under these Sections include fees incurred in preparing an attorneys' fees motion. *See Davis v. City and County of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992). In addition, attorneys' fees that may be awarded under these Sections include fees incurred for the due process hearing. *See El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 423 (5th Cir. 2009) (noting that all circuits to address the issue have held that "administrative hearings are 'proceedings'" within the meaning of 20 U.S.C. § 1415(i)(3)(B)(i)); *Lucht v. Molalla River Sch. Dist.*, 225 F.3d 1023, 1028 (9th Cir. 2000) (holding that attorneys' fees were available for "[p]roceedings conducted pursuant to state's complaint resolution procedure" and noting that "Congress intended that attorney fee awards be available . . . [for] impartial due process hearings").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1157 DOC (RNBx)            Date: December 5, 2012
                                                                      Page 4

---

possibly obtain, Mother adopted legal theories contrary to the plain language of the statute under which she sued, contrary to controlling Ninth Circuit authority, and contrary to the record, and Mother's legal theories would undermine the policy behind the IDEA's fee-shifting statutes.

     The Court next concludes that District also seeks fees under the "improper purpose" prong because Mother's offer to ransom her child's IDEA appeal in exchange for money to which her non-attorney advocate was not entitled shows that the purpose of this appeal was not to vindicate the rights of her disabled child. Rather, Mother's purpose was to harass, unnecessarily delay, and needlessly increase the litigation costs incurred by District until it acquiesced to paying her non-attorney advocate.

     Finally, the Court rejects Mother's arguments to the contrary as untimely and irrelevant.

### i. Mother's four Causes of Action were frivolous, unreasonable, and without foundation

     The Court first addresses the two alternative legal theories that were the basis of Mother's appeal of the ALJ's Decision ("Fourth Cause of Action"). The Court then turns to Mother's other three claims under the Americans with Disabilities Act ("First Cause of Action"), 42 U.S.C. § 1983 ("Second Cause of Action"), Section 504 of the Rehabilitation Act ("Third Cause of Action").

#### 1. Fourth Cause of Action appealing Decision based on Mother's theory that one of the reports in a triennial assessment was procedurally defective

     Mother's Fourth Cause of Action appealed the ALJ's Decision on the theory that the District committed a procedural violation by failing to use the words "[Student] may need special education and related services" in one report ("Disputed Report") among several reports conducted as part of its triennial assessment to determine Student's visual and motor skills. Order (Dkt. 46) at 2, 6.

     Mother's argument that the ALJ erred in finding no procedural violation was frivolous, unreasonable, and without foundation for so many reasons, such as: (1) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1157 DOC (RNBx)             Date: December 5, 2012
            Page 5

---

plain language of the California statute at issue did not require the Disputed Report to repeat the exact phrase in the statute, and Mother cited no authority suggesting otherwise; (2) the Disputed Report actually *provided* the information that the statute required; and (3) Mother sought a remedy well beyond any measure of relief Student could possibly obtain. *See* Order (Dkt. 46) at 7-8.

Regarding the first two bases for this Court's conclusion under the frivolous prong, as the Court explained in its Order:

> The relevant procedural requirement—California Education Code Section 56327— requires the creation of a "written report, or reports, . . . of the results of each assessment" and provides eight types of information that the "report shall include," such as "[w]hether the pupil may need special education and related services" and the "basis for making the determination." Cal. Educ. Code § 56327(a-b).
>
> The Disputed Report sufficiently stated that Student *may* need special education services based on a disability because the Disputed Report stated that Student actually *was diagnosed* by a prior IEP Team as having a disability rendering her eligible for special education services, namely, "Other Health Impairment." . . . Obviously, the "basis for making the determination" that Student may need special education services is this prior diagnosis. *See* Cal. Educ. Code § 56327(a-b).
>
> The purpose of the Section 56327(a) and (b) requirements is to ensure that the assessment report contains information from which the IEP Team can determine if the child has a disability that makes her eligible for special education. The Disputed Report more than adequately fulfills this purpose because it states that a prior IEP Team has *already diagnosed* Student as having a disability that makes her eligible for special education.

*id.* at 7.

Regarding the third bases for this Court's conclusion under the frivolous prong, the present action was especially frivolous because, even assuming that the Disputed Report failed to provide the required information, Mother provided no argument or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1157 DOC (RNBx)             Date: December 5, 2012
                                                                                             Page 6

---

evidence of any harm resulting from this omission. Rather, as this Court explained in its Order, District *agreed* with Mother that Student was eligible for special education services and actually *recommended* that Student be provided with several such services. *Id.* at 8-9. Mother, for unexplained reasons, refused to accept these services. Instead, she sought money on appeal for three years of compensatory services, without providing any evidence or argument of any causal link between the purported procedural violation and this exceedingly expensive remedy.

      In short, Mother's position was frivolous, unreasonable, and without foundation because it was a contrary to the plain language of the statute under which she sued, contrary to the record, and sought a remedy well beyond any measure of relief Student could possibly obtain. *See Johnson v. Bismarck Public Sch. Dist.*, 949 F.2d 1000 (8th Cir. 1991) (IDEA litigation should not be continued after plaintiffs achieve most of the substantial results they seek); *El Paso Indep. Sch. Dist. v. Berry*, 2010 WL 4459735, 55, 2010 U.S. App. LEXIS 23153 (5th Cir. 2010) (reaching same conclusion and awarding fees to the district).

                        **2.  Fourth Cause of Action appealing Decision based on Mother's theory that District was untimely in seeking a due process hearing**

      Mother also appealed the ALJ's Decision on the alternative theory that District's request for an due process hearing was made with unnecessary delay because it filed its request 41 days after Mother vaguely asserted that she "disagreed" with the Disputed Report. Order (Dkt. 46) at 6.

      Mother's argument was frivolous, unreasonable, and without foundation because she cited no authority, the ALJ cited authority contrary to her position, and Mother caused the very harm—the District's delay—that she alleged. Specifically, she: (1) presented on appeal almost the exact same argument, without supporting authority, that was rejected by the ALJ; (2) the ALJ's Decision cited case law holding that a delay of more than 60 days was not unnecessary delay, whereas Mother cited no authority to support her contrary contention; and (3) as both this Court and the ALJ concluded, any delay in District's request was *caused by Mother* sending District a "vague letter stating she 'disagree[d]' with the Disputed Report but failing to identify *any* basis for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1157 DOC (RNBx)                    Date: December 5, 2012
                                                                                                                                                                                                                                 Page 7

disagreement" and thus, "without any specific objection, District was required to reevaluate the *entire* Disputed Report." *See id.* at 11.

In short, Mother's position was frivolous, unreasonable, and without foundation because it was unsupported by authority, was contrary to the authority cited by the ALJ, and sought a remedy for a harm actually caused by Mother. Given that Mother failed to identify any errors in the ALJ's finding of facts, Mother's decision to litigate a pure question of law without citing *any* authority to contradict the ALJ's authority was an especially egregious waste of judicial resources. *See Amherst Exempted Village Sch. Dist. v. Calabrese*, 2008 WL 2810244, 50 IDELR 218, 108 LRP 41892 (N.D. Ohio 2008) (awarding fees for appeal where the parent had failed to question the hearing officer's findings of fact and to provide any evidence that the Student's IEPs had been inappropriate and only challenged the hearing officer's conclusions).

### 3. Other Causes of Action based on Mother's theory that District violated various laws by notifying Mother's attorney that her appeal was frivolous and that District would seek sanctions

Mothers also brought three claims under the Americans with Disabilities Act ("First Cause of Action"), 42 U.S.C. § 1983 ("Second Cause of Action"), and Section 504 of the Rehabilitation Act ("Third Cause of Action"). While hardly clear from the original complaint[4]—but elucidated through amendments and briefing—all three of these Causes of Action appear to have been based on the theory that District intimidated *Mother* by notifying Mother's *attorney* that her appeal was frivolous and that District would seek sanctions. This Court dismissed all three of these Causes of Action with prejudice at the pleading stage.

These three Causes of Action were frivolous, unreasonable, and without foundation because: (1) District's statements to Mother about the legal consequences of her appeal were accurate; (2) controlling Ninth Circuit authority barred Mother from obtaining some of the relief she sought; and (3) Mother's legal theory would undermine the policy behind the IDEA's fee-shifting statutes.

---

[4] *See* Order (Dkt. 11) at 7 (granting motion to dismiss because "Plaintiff's claim mentions violation of § 504 in passing, but Plaintiff does not explain *what* that violation is").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1157 DOC (RNBx)                                           Date: December 5, 2012
                                                                                                       Page 8

---

      First, the Ninth Circuit has held that a school district's accurate statements to students about "the legal consequences of [their] actions" do not give rise to a retaliation claim. *Corales v. Bennett*, 567 F.3d 554, 560, 564 (9th Cir. 2009) (affirming summary judgment for school district on students' First Amendment retaliation claim as a matter of law where principal told students that their truancy could result in "$ 250 fine" and he was "going to get the cops involved" because his statements about the legal consequences of truancy were accurate). Here, like in *Corales*, District's statements to Mother's attorney about the merits of this appeal and District's ability to obtain sanctions was *accurate* because, as detailed in the prior Order and this opinion, District was correct that Mother's appeal *was* frivolous and thus District *was* legally entitled attorneys fees from Mother. District's evaluation of the merits of Mother's appeal is further supported by the utter lack of authority in Mother's multiple oppositions to District's motions to dismiss; indeed, nowhere has Mother cited *any* case holding that notification to an *attorney* that the case she was litigating was frivolous constituted intimidation of the attorney's *client*. *See* Pl. Opp'n (Dkt. 18); Pl. Opp'n (Dkt. 7).

      Second, as this Court noted in granting District's motion to dismiss, controlling Ninth Circuit authority barred Mother from obtaining some of the relief she sought. *See* Order (Dkt. 11) at 6-7 (dismissing as to Mother's claim for damages because in *Belanger v. Madera Unified School Dist.*, 963 F.2d 248 (9th Cir. 1992), "the Ninth Circuit was clear, that a school district in California may not be sued under section 1983, as an arm of the state under the Eleventh Amendment").

      Finally, the purpose of the IDEA fee-shifting statutes at issue here is to deter frivolous cases and unreasonably demanding or litigious parents and their attorneys. *See El Paso Independent Sch. Dist. v. Berry*, 2010 U.S. App. LEXIS 23153, *21-22 (5th Cir. 2010). That purpose is completely undermined if, as Mother contended in her three Causes of Action, an attorney's honest communication with her opposing counsel about the merits of the case is treated as a cause of action for intimidation. Mother's legal theory, if adopted by this Court, would have had the absurd result of preventing settlement and encouraging meritless IDEA claims. In addition, Mother's legal theory would actually *harm* parents of children with disabilities by concealing from them the true risks involved in pursuing their meritless IDEA claims, leaving those parents surprised to be holding the bag at the end of costly and drawn-out litigation.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1157 DOC (RNBx)                          Date: December 5, 2012
                                                                                                             Page 9

Alternatively, even if these three Causes of Action are not frivolous on their own, this Court holds that they were caused by and thus so intertwined with Mother's IDEA appeal, which itself was frivolous, as to support a finding that three Causes of Action were also frivolous, unreasonable and without foundation and thus warrant an award of attorneys' fees. *See Fox v. Vice,* 131 S.Ct. 2205, 2214-16 (2011) (explaining that the "presence of reasonable allegations in a suit does not immunize a plaintiff against paying for the fees that his frivolous claims imposed" and that courts must do "rough justice" in apportioning hours between frivolous and non-frivolous claims).

In sum, this Court agrees with District that Mother's filing and her attorney's continued litigation of all four Causes of Action were "frivolous," "unreasonable," and "without foundation." *See* 20 U.S.C. § 1415(i)(3)(B)(i)(II).

### ii. Improper purpose prong

Mother's improper purpose of harassment, unnecessary delay, and needlessly increasing litigation costs is shown by Mother's attempt to extort fees from District to which Mother was not legally entitled in exchange for Mother foregoing an appeal. As District explains and Mother does not dispute, Mother threatened to appeal the Decision in favor of District unless District funded Student's IEE and paid $12,500 in fees. Am. Mot. (Dkt. 49) at 3. Mother does not dispute that, as of that date, the only person who incurred fees for representing Mother was a *non*-attorney advocate who represented her at the April 18, 2011, due process hearing.[5] *Id.* It is well established that Mother's non-attorney advocate can not recover fees because he was not licensed to practice law in the state in which his services were performed. *See Z.A. v. San Bruno Park School District,* 165 F.3d 1273 (9th Cir. 1999) (attorney not licensed in California not entitled to attorney's fees under the IDEA).

In short, Mother's offer to ransom her child's IDEA appeal in exchange for money to which her non-attorney advocate was not entitled shows that the purpose of this appeal was not to vindicate the rights of her disabled child. Rather, Mother's purpose was to

---

[5] The non-attorney advocate who represented Mother at the administrative level is the spouse of the attorney who represents Mother on appeal before this Court. Mother does not dispute that the attorney who represents her on appeal performed no services at the April 18, 2011, hearing. *See* Am. Mot. (Dkt. 49) at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1157 DOC (RNBx)                      Date: December 5, 2012
                                                                                                                                                                 Page 10

harass and unnecessarily increase the litigation costs incurred by District until it acquiesced to lining the pockets of her non-attorney advocate, who is also the spouse of Mother's attorney on appeal.  See Mot. (Dkt. 49) at 3.

Thus, this Court agrees with District that the Present Action was presented for any improper purpose, namely, to "harass," "cause unnecessary delay," and "needlessly increase the costs of litigation."  *See* 20 U.S.C. § 1415(i)(3)(B)(i)(III).

        **iii.   The Court strikes Mother's arguments and, alternatively, finds them unavailing**

                **1.   The Court strikes Mother's arguments because they were untimely filed and considering them would prejudice District**

First, the Court GRANTS Defendants' request to strike Mother's arguments regarding the frivolous and improper purpose prongs because they were advanced for the first time in a First Amended Opposition filed on Friday August 24, 2012, at 9:14 p.m.— well after the filing deadline for an opposition.  *See* L.R.7-12; L.R. 7-9; *see also* Reply at 2.  As District observes, the timing of Mother's filing prejudiced District because it had only one business day to respond.

Thus, this Court STRIKES Mother's late-added arguments in the First Amended Opposition at: 9:18-27; 10:27-11:16; 11:20-14:2; 15:17-18; 15:20-21.[6]

                **2.   Alternatively, Mother's arguments are irrelevant attempts to obfuscate the actual issue of District's motion, which is its right to attorneys' fees**

---

[6] Frankly, given Mother's other harassing behavior during this litigation, such as her absurd demand for District to pay fees to which she was not entitled, this Court suspects that Mother deliberately filed her amended opposition late to further inconvenience and harass District.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1157 DOC (RNBx)            Date: December 5, 2012
                                                                          Page 11

        Alternatively, the Court addresses Mother's four arguments and concludes that all of them are unpersuasive attempts to distract this Court from the actual issue of District's Motion—namely, District's right to attorneys' fees.

        First, Mother's pages of hyperbolic rhetoric are irrelevant to District's Motion and, to the extent they purport to represent reality, are contradicted by the record.  *See* Am. Opp'n (Dkt. 53) at 4-6.  For example, Mother asks: "Do we, as a society, find important the case of . . . a child who has been denied an appropriate occupational therapy evaluation and related services?"  Am. Opp'n (Dkt. 53) at 6.  In raising this rhetorical question, Mother implies that her appeal had something to do with Student being denied services.  In fact, Mother's appeal had nothing to do with the denial of services, but rather was based on the legal theories that the ALJ erred as a matter of law by holding that District: (1) did not commit a procedural violation in one assessment report; and (2) did not file an untimely request for a due process hearing.  *See* Order (Dkt. 46) at 6.  Furthermore, as both the record and this Court's prior Order noted, District *has* provided Student with a plethora of special education services and the sole assessment report that Mother disputed on appeal actually "identifies five 'Unique Needs' of Student and fourteen 'accommodations . . . to assist [Student] in the classroom.'"  *See* Order (Dkt. 46) at 3; AR 295; 543:19-24.

        Second, regarding Mother's theory on appeal that District unnecessarily delayed its request for a due process hearing, Mother relies on an irrelevant CFR, which provides that a school district "may not require the parent to provide an explanation" for the parent's demand of an independent educational evaluation ("IEE").  *See* 34 CFR § 300.502(b); Am. Opp'n at 14-15 (citing, though incorrectly quoting, 34 CFR § 300.502(b)).  District's theory is that Mother must pay for fees because she sought relief for a harm—District's purportedly unnecessary delay in requesting a due process hearing—that was actually caused by Mother's failure to identify the basis for her disagreement with District.  Both this Court and the ALJ agreed that any delay in District's filing of its request for a due process hearing was *caused by Mother* sending District a "vague letter stating she 'disagree[d]' with the Disputed Report but failing to identify *any* basis for the disagreement" and thus, "without any specific objection, District was required to reevaluate the *entire* Disputed Report."  *See* Order (Dkt. 46) at 11.  Simply because District may not require Mother to provide an explanation for her disagreement does not mean that Mother is entitled to sue District for a purported delay

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1157 DOC (RNBx)   Date: December 5, 2012
Page 12

---

caused by Mother. Nothing in 34 CFR § 300.502(b) permits Mother to have her cake and eat it too.

Third, as with so many of her filings before this Court, Mother mischaracterizes the holding of the sole case to which she attempts to analogize: *R.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011). Mother contends that *Prescott* held that "even where the plaintiff alleged a claim not recognized by law, and another claim not supported by the facts, those claims by were not found to be frivolous, and attorneys' fees and costs to the school district were denied." Am. Opp'n (Dkt. 53) at 10-11.

Contrary to Mother's contention, *Prescott* did not hold that a claim not recognized by law is nonetheless not frivolous. Rather, *Prescott* reversed a school district's fee award because the district court erred in holding that the *remedy* plaintiff sought was *not* available as a matter of law. Regarding fees under Section 1415(i)(3)(B)(i)(II), the Ninth Circuit reasoned that the "district court erred in holding that the parents couldn't have obtained any relief and therefore brought a lawsuit without foundation" because the "parents *did* ask for relief that was available" as a matter of law. *Prescott*, 631 F.3d at 1125. In addition, regarding fees under Section 1415(i)(3)(B)(i)(III), "the district court erred in holding that anger is an improper purpose that could justify an award of attorney's fees." *Id.* at 1126.

Contrary to Mother's contention, *Prescott* did not hold that a claim not supported by the facts is nonetheless not frivolous. Rather, *Prescott* disapproved of a finding of frivolity if a plaintiff presented "evidence that, if believed by the fact-finder, *would entitle* [plaintiff] *to relief*." *See R.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011) (emphasis added). *Prescott* did not hold that a parent's failure to present evidence or presentation of *any* evidence, regardless of how implausible or immaterial, would immunize a parent from a finding of frivolity. Indeed, as another court has recently observed, *Prescott* does "not mean that a plaintiff could present completely false or nonsensical 'evidence' and avoid paying attorney's fees because, if believed, that evidence would entitle the plaintiff to relief." *Crane-McNab v. County of Merced*, 773 F.Supp.2d 861, 882 (E.D. Cal. 2011). Thus, this Court rejects Mother's interpretation of *Prescott* is an invitation to waste judicial resources with impunity by preventing fee awards against a parent whose argument is not supported by evidence or supported only by implausible evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1157 DOC (RNBx)  Date: December 5, 2012
Page 13

Furthermore, unlike the district court's reasoning in *Prescott*, this Court's conclusion that Mother's litigation was frivolous, unreasonable, and lacked foundation is not based solely on her demand for an expensive remedy that is unavailable as a matter of law. As detailed in this Order, this Court's decision is based on Mother adopting a legal theory regarding District's purported procedural violation that: (1) was contrary to the plain language of the statute under which she sued; (2) was contrary to the record; and (3) sought a remedy well beyond any measure of relief Student could possibly obtain. This Court's decision is also based on Mother adopting a legal theory regarding District's delay in filing a due process complaint that: (1) was unsupported by authority; (2) was contrary to the authority cited by the ALJ; and (3) sought a remedy for a harm actually caused by Mother. Finally, regarding Mother's other three Causes of Action, this Court's decision is based on: (1) Mother's failure to show that District's statements to Mother about the legal consequences of her appeal was a threat given that these statements were accurate; (2) controlling Ninth Circuit authority barred Mother from obtaining some of the relief she sought; and (3) Mother's legal theory would undermine the policy behind the IDEA's fee-shifting statutes.

Fourth, regarding Mother's theory on appeal that District committed a procedural violation by omitting a specific phrase from the Disputed Report, Mother's argument is essentially an attempt to file a motion to reconsider in lieu of an actual opposition to District's Motion. Mother contends that this Court "applied the wrong legal standard" in affirming the ALJ's Decision that the Disputed Report did not constitute a procedural violation. Am. Opp'n (Dkt. 53) at 11.

In its prior order, this Court stated that "[p]rocedural flaws in an IEP's formulation do not automatically violate the IDEA." Order (Dkt. 46) at 6 (quoting *Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J*, 502 F.3d 811, 821 (9th Cir. 2007)). Rather, "a student establishes an IDEA violation if she shows *both*: (1) the school did not comply with the required procedures; *and* (2) the resulting "IEP is not 'reasonably calculated to enable the child to receive educational benefits.'" *Id.* (quoting *Van Duyn*, 502 F.3d at 821 and citing *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester County v. Rowley*, 458 U.S. 176, 206-07 (1982)). This Court held that neither prong was satisfied; rather, "the Disputed Report was not a procedural violation" and "[a]lternatively, . . . Student has failed to show the second prong of a claim under the IDEA, namely, that the IEP was not reasonably calculated to enable the child to receive educational benefits." *Id.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1157 DOC (RNBx)    Date: December 5, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 14

---

　　　　Mother contends that this Court's analysis under the second prong was erroneous because the second prong applies *only* where a *parent* files a due process complaint alleging a procedural violation in the IEP, not where, as here, a *district* files a due process complaint requesting a declaration that the IEP is appropriate *and the parent opposes and then appeals by arguing that the IEP is a procedural violation*. Am. Opp'n (Dkt. 53) at 13.

　　　　Mother cites no authority for this proposition. Nor does Mother identify the purportedly *correct* legal standard. Nor did Mother's previous filings informing this Court's Order—a 10-page summary judgment motion and reply—cite *any* legal standard indicating how this Court should evaluate Mother's legal theory that the Disputed Report was a procedural violation; rather, Mother cited *only* the California statute that District allegedly violated, but no caselaw or treatises. *See* Pl Mot. for Summary J. (Dkt. 31) at 7-8; Pl. Reply(Dkt. 39) at 5-9. Nor does Mother explain how this Court's purportedly erroneous analysis under the second prong resulted in an erroneous denial of her appeal, given that this second prong analysis addressed an *alternative* holding to this Court's holding that "the Disputed Report was not a procedural violation." *See* Order (Dkt. 46) at 6. Finally, Mother never explains how her argument about this Court's purportedly erroneous legal standard rebuts any of District's arguments in its Motion; rather, as a matter of logic and law, even if Mother is correct that this Court applied an erroneous legal standard, this says nothing about whether Mother's claims were frivolous, unreasonable, or without foundation.

　　　　Finally, Mother's latest salvo against this Court is entirely consistent with her strategy throughout this appeal of casting unfounded aspersions on the expertise or reasoning of others to deflect from her own shortcomings. For example, in opposing Defendants' first motion to dismiss regarding her Third Cause of Action, Mother's sniped that "[w]hat is clear is that Defendant is not familiar with Section 504's retaliation provision, and thus does not understand the legal basis for Plaintiff's claim." *See* Pl. Opp'n (Dkt. 7) at 11. In fact, what was clear was that Mother's pleadings were so conclusory that neither District nor this Court had any inkling as to the *facts* that formed the basis of her claim. *See* Order (Dkt. 11) at 7 ("Plaintiff's claim mentions violation of § 504 in passing, but Plaintiff does not explain *what* that violation is."). Similarly, Mother argued that the ALJ erred as a matter of law by relying on a case holding that a district's *two-month* delay in requesting a due process hearing was not unnecessary because "no binding precedent" existed regarding a *41-day* delay. *See* Mot. for Summary J. (Dkt. 32)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1157 DOC (RNBx)            Date: December 5, 2012
           Page 15

---

at 9. As this Court noted, Mother's argument "would turn the concept of precedent on its head" because "[p]recedent accumulates *by* courts ruling on issues that were never previously adjudicated; precedent could not exist if courts *abstained* from ruling on issues that had not been previously adjudicated." Order (Dkt. 46) at 11.

Thus, this Court is not persuaded by any of Mother's arguments.

### iv. Conclusion

In sum, this Court holds that Mother's filing and her attorney's continued litigation of the present action were both: (1) frivolous, unreasonable, and without foundation; and (2) for the improper purpose of harassment, unnecessary delay, and needlessly increasing litigation costs.

### v. District's attorneys' fees are reasonable

"The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). District requests $94,602.34 in attorneys' fees; $12,729.71 for the due process proceeding, $77,414.12 for the lawsuit Mother commenced in this Court up to the filing of the present Motion, and an additional $4,458.51 for work responding to Mother's multiple oppositions to the present Motion. *See* Am. Levine Decl. ¶ 23; Supp. Levine Decl. ¶ 10. District also seeks $2,058.21 in costs, including $75.30 incurred in the due process case and $1982.91 incurred in the federal action. Am. Levine Decl. ¶ 25.

Mother makes no argument about the reasonableness of District's hours or rates and thus has not opposed this portion of District's Motion.

#### a. The number of hours is reasonable

The prevailing party is entitled to be compensated for all hours reasonably worked by counsel. *Moore v. James. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

The evidence shows that District's counsel billed roughly 440 hours for litigating the due process hearing as well as the present action. *See* Am. Levine Decl. ¶ 23, Ex. A at 5 (62.6 hours billed for due process hearing); Am. Levine Decl. ¶ 23, Ex. B at 22

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1157 DOC (RNBx)            Date: December 5, 2012
                                                                         Page 16

(363.6 hours billed for work up to and including present Motion); Suppl. Levine Decl. ¶ 10, Ex. A (14.9 hours billed for responding to Mother's multiple oppositions to the present Motion). These same declarations and exhibits show that District's attorneys have already exercised billing judgment by reducing their billing by more than 90 hours. *See* Am. Levine Decl. ¶ 23, Ex. B at 22.

The hours for the due process hearing are eminently reasonable given that, due to Mother's refusal to provide the basis for her disagreement with District, District's attorneys were forced to imagine and counter all the potential bases for disagreement that Mother might reveal at the hearing. The hours for defending the present action up to and including the present Motion are utterly reasonable because District had to both: (1) defend against Mother's frustratingly incoherent summary judgment motion; and (2) file multiple motions to dismiss as a result of this Court's perhaps overly-charitable decision to afford Mother an opportunity to cure the defects in her original complaint. The hours for responding to Mother's multiple oppositions to the present Motion are also more than reasonable, especially given that Mother needlessly burdened District's attorneys by adding new arguments in an untimely and impermissible second opposition.

In sum, this Court holds that all of District's hours were reasonable.

### b. The hourly rate is more than reasonable because it is below market

Under the IDEA, reasonable attorneys' fee rates are "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). An attorney's customary billing rate is *prima facie* evidence of reasonableness. *Islamic Ctr. v. Starkfill*, 876 F.2d 465, 469 (9th Cir. 1989).

District's attorneys charged between $185-210 per hour for associates, $210-225 per hour for special counsel, and $245-250 per hour for shareholders, and $125 per hour for paralegals. Am. Levine Decl. ¶ 12. They have extensive experience in the areas of special education and related litigation. *See* Bell Decl. ¶¶ 4-5; Am. Levine Decl. ¶¶ 3-4; Ettinger Decl. ¶¶ 2-3; Hirsekorn Decl. ¶¶ 2-3. Their hourly rate already reflects business judgment because it has been reduced by 2%, a discount that District's attorneys provided to District due to the recent "fiscal crisis." *Id.* at ¶ 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1157 DOC (RNBx)            Date: December 5, 2012
           Page 17

In addition, at least one court in the Northern District of California has found reasonable the hourly rates charged by District's law firm and some of the same attorneys who represented District here where those hourly rates were within the range District seeks in this Motion.[7] *See M.M. v. Lafayette Sch. Dist.*, No. CV 09-4624 and 10-04223, 2012 U.S. Dist. LEXIS 112446, *46 (N.D. Cal. Aug. 8, 2012) (finding "reasonable" the hourly rates of "$165-$255" charged by "Levine" and "Ettinger" of law firm "Dannis Woliver Kelley").

Because District has produced evidence regarding its attorneys' rates and hours, and Mother has failed to make any argument in response, this Court holds that these rates and hours are reasonable.

### IV. Disposition

For the foregoing reasons, the Court GRANTS District's Motion for Attorneys' Fees.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN            Initials of Deputy Clerk: jcb

---

[7] This Court mentions the Northern District case as persuasive authority because this Court has found no case, published or unpublished, in the Central District addressing the reasonableness of a school district attorney's fees under the IDEA. This lack of authority is unsurprising given that the provisions under which District seeks fees were not added until 2004. *See* Jessica Butler-Arkow, The Individuals with Disabilities Education Improvement Act of 2004: Shifting School Districts' Attorneys' Fees to Parents of Children with Disabilities and Counsel, 42 Willamette L. Rev. 527, 528, 532 (2006) ("The IDEA was amended in December 2004, to allow prevailing school districts to seek their attorneys' fees from parents and their counsel under very limited circumstances."); 20 U.S.C. § 1415(i)(3)(B) (1999) (providing for fees only "to the parents of a child with a disability who is the prevailing party").